IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE SANDISK 128 GB SD CARD AS MORE FULLY DESCRIBED IN ATTACHMENT A, HERETO | Case No. 24-SW-042 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Special Agent Keith LaGesse, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession and is described in Attachment A, hereto, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the United States Fish and Wildlife Service (Service) and have been so employed as a Service agent since 2023. Prior to my employment with the Service, I was a Special Agent with the Diplomatic Security Service beginning in 2013. During my career as a special agent, I have participated in the execution of search and arrest warrants. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, GA, and I have been involved in the seizure of electronic devices and the analysis of the evidence contained in such devices.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and co-conspirators. This affidavit is intended to show merely that there is sufficient probable cause to believe that evidence of violations of Title 16, United States Code, Sections 703 (Migratory Bird Treaty Act) and Title 50, Code of Federal Regulations, Part 20.21(i), Title 18, United States Code, Section 2 (Aiding and abetting) and Title 18, United States Code, Section 371 (Conspiracy) will be located within the removable storage media described below and does not set forth all my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a SanDisk 128 GB SD Card, serial number BP23265006085Y, hereinafter the (Device). The Device is currently in my possession, and I am currently physically located in the Western District of Tennessee.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. On December 6, 2023, Service Special Agent (SA) Kyle Lock was contacted by Tennessee Wildlife Resource Agency (TWRA) Wildlife Officer (WO) Andy Tweed who explained he was contacted by an unnamed individual who provided specific and credible information regarding various individuals who placed corn as bait for waterfowl on a property in the vicinity of 8901 Rosemark Rd, Millington TN 38053. According to the source of information (SOI), there would be two to four individuals hunting the property on the morning of December

7, 2023. The SOI claimed the individuals did the same thing in 2022, and allegedly shot as many birds as they could, without regard for the daily harvest limits.

7.      On December 7, 2023, Service SAs traveled to the location and observed six individuals illegally hunting waterfowl over bait. [See Exhibit 1]. "Hunting over bait" is a practice in which hunters deliberately manipulate food sources to attract waterfowl. This manipulation includes placing food such as corn or wheat upon the ground or in the water to attract waterfowl. Upon inspection of the hunting blind, SAs located a videographer named Ashley DARNELL. While conducting a voluntary interview with Dalton HARRISON, HARRISON explained that DARNELL is his girlfriend who lives in Alabama and came up to video the hunts. HARRISON said DARNELL did not hunt and "*you will see on the footage, the whole thing is recorded…the count of ducks you see fall in the frame, they are all there*." SAs seized the SD card from DARNELL and returned the digital camera to her.

Exhibit 1



8.      The Device is currently in my possession and, as noted above, both myself, and the Device, are in the Western District of Tennessee.  I am seeking this warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

9.      The Device had been in storage at the Service's Nashville RAC evidence locker at 240 Great Circle Rd, Ste 312, Nashville, TN 37228.  I took custody of the device and brought it with me to the Western District of Tennessee, and I am currently in possession of the device. In my training and experience, I know that the Device has been stored in a way its contents are, to

the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Service.

## TECHNICAL TERMS

10. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards, e.g., SD cards, or miniature hard drives. This storage media can contain any digital data, including date and time stamps, and data unrelated to photographs or videos.

   b. Flash memory card: A flash memory card, sometimes called a storage card or SD card, is a small storage device that uses non-volatile semiconductor memory to store data on portable or remote computing devices. Such data includes text, pictures, audio, and video.

11. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a digital camera. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

5

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

12. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

13. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   c. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file. Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Computer file systems can record information about the dates files were created and the sequence in which they were created.

   d. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   e. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  f. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  g. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

  h. I know that when an individual uses an electronic device the individual's electronic device will generally serve both as an instrumentality for committing the crime and as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

14. *Nature of the Examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent

with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection to determine whether it is evidence described by the warrant. The device will be examined in the Western District of Tennessee and copies of the content of the device will be made in the Western District of Tennessee.

15.   *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16.   I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

*S. Keith LaGesse*
Keith LaGesse
Special Agent
United States Fish and Wildlife Service

Pursuant to Federal Rule of Criminal Procedure 41(d)(3), the undersigned judicial officer has on this date considered information communicated by telephone in reviewing and deciding whether to issue a search warrant. In doing so, this judicial officer has placed the affiant under oath and has confirmed by speaking personally with the affiant on the telephone that the signatures on the arrest warrant application and affidavit are those of the affiant, the documents received by the judicial officer are a correct and complete copy of the documents submitted by the affiant, and the information contained in the arrest warrant application and affidavit are true and correct to the best of the affiant's knowledge.

Sworn to and subscribed to me this 9<u>th</u> day of February 2024.

_____
Charmiane G. Claxton
United States Magistrate Judge